IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OMAR ORDONEZ, § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 5:22-cv-01263-OLG |
| § | | |
| § | | |
| AMAZON.COM SERVICES, LLC, § | | |
| AMAZON LOGISTICS, INC., § | | |
| ROGERS ELECTRICAL SERVICE § | | |
| CORPORATION, EATON § | | |
| CORPORATION, SEEFRIED § | | |
| DEVELOPMENT MANAGEMENT, § | | |
| INC., and W.G. YATES & SONS § | | |
| CONSTRUCTION CO., § | | |
| *Defendants.* § | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COMES NOW**, **OMAR ORDONEZ**, hereinafter referred to as Plaintiff, and files Plaintiff's First Amended Complaint against **AMAZON.COM SERVICES, LLC, AMAZON LOGISTICS, INC., ROGERS ELECTRICAL SERVICE CORPORATION, EATON CORPORATION, SEEFRIED DEVELOPMENT MANAGEMENT, INC., and W.G. YATES & SONS CONSTRUCTION CO.**, hereinafter referred to collectively as Defendants, and in support thereof, for cause of action would respectfully show this Honorable Court as follows:

     **I.  DISCOVERY AND DOCKET CONTROL**

  1.1  Plaintiff intends to conduct discovery under the Federal Rules of Civil Procedure and in accordance with this Court's Docket Control Order and discovery guidelines.

1

**EXHIBIT A**

## II.     PARTIES

2.1     Plaintiff, **OMAR ORDONEZ,** is a resident citizen of Katy, Harris County, Texas, and may be served by and through his attorneys of record, Christopher C. Pinkerton, Jose R. De Leon, and Samuel D. Kinne, at The Pinkerton Law Firm, PLLC, 550 Westcott St., Suite 590, Houston, Texas 77007, and Ralph P. Manginello at The Manginello Law Firm, 1177 W. Loop South, Suite 1600, Houston, Texas 77027.

2.2     Defendant, **AMAZON.COM SERVICES, LLC** (hereinafter referred to as "Defendant Amazon"), is a foreign limited liability company doing business in the State of Texas and organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Ave. North, Seattle, Washington 98109. Defendant Amazon can be served via its register agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701- 3218, or through its counsel of record.

2.3     Defendant, **AMAZON LOGISTICS, INC.** (hereinafter referred to as "Defendant Amazon Logistics"), is a foreign limited liability company doing business in the State of Texas and organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Ave. North, Seattle, Washington 98109. Defendant Amazon Logistics can be served via its register agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701- 3218, or through its counsel of record.

2.4     Defendant, **ROGERS ELECTRICAL SERVICE CORPORATION** (hereinafter referred to as "Defendant Rogers Electrical"), is a foreign for-profit corporation doing business in the State of Texas and organized and existing under the laws of the State of Georgia

with its principal place of business located at 2050 Marconi Drive, Suite 200, Alpharetta, Georgia 30005. Defendant Rogers Electrical can be served via its registered agent, CT Corporation Systems, at 1999 Bryant Street, Suite 900, Dallas Texas 75201, or through its counsel of record.

2.5     Defendant, **EATON CORPORATION** (hereinafter referred to as "Defendant Eaton"), is a foreign for-profit corporation doing business in the State of Texas and organized and existing under the laws of the State of Ohio with its principal place of business located at 1000 Eaton Boulevard, Mail Code 2N, Cleveland, Ohio 44122. Defendant Eaton can be served via its registered agent, CT Corporation Systems, at 1999 Bryant Street, Suite 900, Dallas Texas 75201, or through its counsel of record.

2.6     Defendant, **SEEFRIED DEVELOPMENT MANAGEMENT, INC.** (hereinafter referred to as "Defendant Seefried"), is a foreign for-profit company doing business in the State of Texas and organized and existing under the laws of the State of Georgia with its principal place of business located at 3333 Riverwood Parkway SE, Suite 200, Atlanta, Georgia 30339. Defendant Seefried can be served via its registered agent, Robert S. Rakusin, at 3333 Riverwood Parkway SE, Suite 200, Atlanta, Georgia 30339. Plaintiff requests a summons at this time and demands that Defendant Seefried answer in its correct name.

2.7     Defendant, **W.G. YATES & SONS CONSTRUCTION CO.** (hereinafter referred to as "Defendant Yates"), is a foreign for-profit company doing business in the State of Texas and organized and existing under the laws of the State of Mississippi with its principal place of business located at 104 Gully Ave., Philadelphia, Mississippi 39350. Defendant Yates can be served with process via its register agent, Registered Agents, Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731. Plaintiff requests a summons at this time and demands that Defendant Yates answer in its correct name.

### III. MISNOMER/ALTER EGO

3.1     In the event any Parties are misnamed or not included herein, Plaintiff contends that such was a "misidentification" or "misnomer" and/or that such Parties are/were "alter egos" of the Parties named herein. To that extent, Plaintiff asserts the alter ego doctrine and contends that all existing "corporate veils" should be pierced in the interests of justice to hold accountable all those who failed to operate their business(es) in accordance with customary terms and measures. Plaintiff will accordingly seek damages from any individual business-owner-defendant who forfeited the typical corporate or business protections afforded to such entity.

### IV. JURISDICTION AND VENUE

4.1     Defendants removed this matter from a Bexar County District Court with proper jurisdiction and venue to the United States District Court for the Western District of Texas—San Antonio Division—on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Before removal, the Bexar County District Court had subject matter jurisdiction as the amount in controversy was within its jurisdictional limits. The Bexar County District Court further had personal jurisdiction over Defendants as they were doing business in Bexar County, Texas. In addition, venue was proper in Bexar County, Texas, because all or a substantial part of the events or omissions giving rise to this action occurred in Bexar County, Texas.

4.2     All other conditions precedent to the filing of this suit have been met.

### V. FACTUAL BACKGROUND

5.1     This case arises from an on-the-job injury caused by the negligent acts and/or omissions of Defendants and involves an electrical panel/switchboard.

5.2     At all relevant times, Plaintiff was on the premises owned, maintained, managed, occupied, and/or otherwise under the control of Defendants Amazon and Amazon Logistics

(collectively, "Amazon Defendants"), Defendant Seefried, and/or Defendant Yates: 6806 Cal Turner Drive, San Antonio, Texas 78220 (the "Amazon Facility").

5.3     At all relevant times, Defendant Yates was the general contractor selected by Amazon Defendants and Defendant Seefried to oversee construction operations at the Amazon Facility, including, but not limited to, vetting, hiring, and supervising all subcontractors working therein. Defendant Yates also vetted, hired, trained, and supervised all vice-principals, employees, agents, servants, and representatives tasked with overseeing construction operations at the Amazon Facility and inspecting or maintaining the electrical panel/switchboard in question.

5.4     At all relevant times, Defendant Rogers Electrical was the subcontractor that Defendant Yates selected and directed to perform electrical work and install the electrical panel/switchboard in question. Defendant Rogers Electrical also vetted, hired, trained, and supervised all vice-principals, employees, agents, servants, and representatives tasked with installing, inspecting, or maintaining the electrical panel/switchboard in question.

5.5     At all relevant times, the electrical panel/switchboard in question had been designed, manufactured, and placed into the stream of commerce by Defendant Eaton. Defendant Eaton also vetted, hired, trained, and supervised all vice-principals, employees, agents, servants, and representatives tasked with designing and manufacturing the electrical panel/switchboard in question.

5.6     On March 22, 2022, Plaintiff Omar Ordonez was involved in a serious injury-producing incident while cleaning up an electrical room at the Amazon Facility after an electrical panel/switchboard installed therein malfunctioned and exploded. At the time of this injury-producing event, Plaintiff was at all relevant times acting within the course and scope of his respective employment and had only just begun sweeping trash and debris left on the electrical

room floor moments before. Plaintiff neither touched nor caused anything to make contact with the electrical panel/switchboard in question and, therefore, in no way caused or contributed to the cause of this injury-producing incident.

5.7     As a result of this injury-producing incident, Plaintiff sustained severe personal injuries, including, but not limited to, numerous third-degree burns to his body. These injuries required substantial and reasonably necessary medical treatment, including, without limitation, extensive skin grafts.

5.8     As a result of Plaintiff's subsequent medical treatment, Plaintiff incurred reasonable and necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

### VI.    **NEGLIGENCE CAUSES OF ACTION AGAINST ALL DEFENDANTS**

6.1     Plaintiff incorporates by reference all prior allegations contained herein and alleges negligence causes of actions against Defendants. Plaintiff intends to show that the following individual or collective acts and/or omissions of Defendants, by and through their respective vice-principals, employees, agents, servants, and representatives, constituted negligence and that such negligence was a direct and proximate cause of the incident wherein Plaintiff sustained severe personal injuries and damages. More specifically, the explosion that caused Plaintiff to suffer serious burn-related injuries at the Amazon Facility was a direct and proximate result of the following negligent acts and/or omissions:

   a. Defendant Eaton having negligently designed or manufactured the electrical panel/switchboard in question, which, in light of the circumstances surrounding the incident in question, is believed to have been defective.

   b. Defendant Rogers Electrical having negligently installed, inspected, or maintained the electrical panel/switchboard in question at the Amazon Facility; and

    c. Amazon Defendants, Defendant Seefried, and/or Defendant Yates having negligently inspected or maintained (1) the Amazon Facility, generally, and (2) the electrical panel/switchboard in question after its installation, specifically.

    6.2   ***Negligence Against Amazon Defendants, Defendant Seefried, and Defendant Yates[1]*** – Plaintiff incorporates by reference all prior allegations contained herein and alleges that, at all relevant times, Amazon Defendants, Defendant Seefried, and Defendant Yates owed a duty to furnish a workplace free from recognized electrical hazards (*e.g.*, shock, burn, electrocution, arc flash, arc blast, etc.).

    6.3   Amazon Defendants, Defendant Seefried, and Defendant Yates, by and through their respective vice-principals, employees, agents, servants, and representatives, failed to do so and, therefore, breached their duties owed by:

    a. instructing or allowing Plaintiff to clean the electrical room housing the electrical panel/switchboard in question without any personal protective equipment ("PPE");

    b. failing to perform or ensure the performance of any job-safety analysis ("JSA") before instructing or allowing Plaintiff to clean the electrical room housing the electrical panel/switchboard in question;

    c. failing to perform or ensure the performance of any job-hazard analysis ("JHA") before instructing or allowing Plaintiff to clean the electrical room housing the electrical panel/switchboard in question;

    d. failing to ensure subcontractors at the Amazon Facility complied with all site-specific rules, policies, and procedures established in the Prime Contract;

    e. failing to ensure subcontractors at the Amazon Facility complied with all safety laws, rules, regulations, standards, best practices, procedures, specifications, manuals, and policies, including, but not limited to, those of federal, state and local governments, the Occupational Safety &

---

[1] Plaintiff's negligence claims against Amazon Defendants, Defendant Seefried, and Defendant Yates encompass independent claims for negligent hiring, training, and supervision to the extent applicable and supported herein.

       Health Administration ("OSHA"), applicable industry and trade associations, Amazon Defendants, Defendant Seefried, and Defendant Yates;

    f. failing to inspect Defendant Rogers Electrical's installation of the electrical panel/switchboard in question to ensure, among other things, proper installation;

    g. failing to ensure proper maintenance of the electrical panel/switchboard in question after Defendant Rogers Electrical installed it;

    h. expressly or tacitly approving or acquiescing to unsafe working conditions they had the authority to correct at the Amazon Facility;

    i. implementing an informal policy or standard practice in direct contravention of existing formal policies or procedures in which adherence to unreasonably increased the probability and severity of injuries occurring at the Amazon Facility; and

    j. engaging in all other acts or omissions deemed negligent under the law.

    6.4    Plaintiff sustained severe personal injuries and damages as a direct and proximate cause of these breached duties and, therefore, seeks to recover all damages within the jurisdictional limits of this Court.

    6.5    ***Negligence Against Defendant Rogers Electrical[2]*** – Plaintiff incorporates by reference all prior allegations contained herein and alleges that, at all relevant times, as the entity ultimately responsible for installing the electrical panel/switchboard in question and performing electrical work at the Amazon Facility, Defendant Rogers Electrical owed a duty to undertake their work with reasonable skill and care in accordance with safe electrical trade practices and applicable codes or regulations (*e.g.*, all local, state, or national codes and state or federal regulations applicable to installing electrical panels/switchboards like the electrical panel/switchboard in question).

---

[2] Plaintiff's negligence claim against Defendant Rogers Electrical encompasses a claim for negligent hiring, training, and supervision to the extent applicable and supported herein.

6.6     Defendant Rogers Electrical, by and through its vice-principals, employees, agents, servants, and representatives, breached this duty by:

    a. failing to inspect or maintain the electrical panel/switchboard before installing it at the Amazon Facility, the failure of which allowed for a defective electrical panel/switchboard to be later installed;

    b. failing to inspect or maintain the electrical panel/switchboard after its installation at the Amazon Facility, the failure of which allowed for improper installation, use, operation, maintenance, repair, and/or modifications of the electrical panel/switchboard to exist;

    c. failing to comply with all site-specific rules, policies, and procedures established in the Prime Contract;

    d. failing to comply with all safety laws, rules, regulations, standards, best practices, procedures, specifications, manuals, and policies at the Amazon Facility, including, but not limited to, those of federal, state and local governments, the Occupational Safety & Health Administration ("OSHA"), applicable industry and trade associations, Amazon Defendants, Defendant Seefried, and Defendant Yates;

    e. expressly or tacitly approving or acquiescing to unsafe working conditions they had the authority to correct at the Amazon Facility; and

    f. engaging in all other acts or omissions deemed negligent under the law.

6.7     Plaintiff sustained severe personal injuries and damages as a direct and proximate result thereof and, therefore, seeks to recover all damages within the jurisdictional limits of this Court.

6.8     ***Negligence Against Defendant Eaton[3]*** – Plaintiff incorporates by reference all prior allegations contained herein and alleges that, at all relevant times, as the entity responsible for designing, manufacturing, and placing into the stream of commerce the electrical panel/switchboard in question, Defendant Eaton owed a duty to act as a reasonable product

---

[3] Plaintiff's negligence claim against Defendant Eaton encompasses a claim for negligent hiring, training, and supervision to the extent applicable and supported herein.

designer or manufacturer would by designing, manufacturing, and placing into the stream of commerce only a product that was safe for ordinary and foreseeable use.

6.9   Defendant Eaton, by and through its vice-principals, employees, agents, servants, and representatives, breached this duty by designing, manufacturing, and placing into the stream of commerce an electrical panel/switchboard that was unreasonably dangerous by reason of some defect. This defective electrical panel/switchboard made its way to the Amazon Facility and later malfunctioned and exploded.

6.10   Plaintiff sustained severe personal injuries and damages as a direct and proximate result thereof and, therefore, seeks to recover all damages within the jurisdictional limits of this Court.

6.11   *Vicarious Liability* – Defendants are legally responsible to Plaintiff for the negligent conduct of their respective vice-principals, employees, agents, servants, and representatives under a theory of *respondeat superior*, agency, or for delegating non-delegable duties. Such vice-principals, employees, agents, servants, and representatives were at all times material agents, ostensible agents, servants, or employees of Defendants and were acting within the course and scope of their respective agency, servitude, or employment. As a result, Defendants should be held vicariously liable for the negligence of their respective vice-principals, employees, agents, servants, and representatives, all of which directly and proximately caused the injuries and damages set forth herein.

## VII.   ALTERNATIVE PREMISES LIABILITY CAUSE OF ACTION AGAINST AMAZON DEFENDANTS, DEFENDANT SEEFRIED, AND DEFENDANT YATES

7.1   In the alternative, without waiving any above cause of action, Plaintiff incorporates by reference all prior allegations contained herein and alleges a premises liability claim against Amazon Defendants, Defendant Seefried, and/or Defendant Yates.

7.2     At all relevant times, Plaintiff was an invitee on the property owned, maintained, managed, occupied, and/or otherwise under the control of Amazon Defendants, Defendant Seefried, and/or Defendant Yates while an unreasonably dangerous condition existed, which, based on information and belief, arose from the individual or collective negligent acts and/or omissions of Defendants as described herein and in 6.1 through 6.11, *supra*, and exposed Plaintiff to an unreasonable risk of harm.

7.3     As an invitee, Plaintiff alleges that Amazon Defendants, Defendant Seefried, and/or Defendant Yates owed him a duty to make safe or warn against the unreasonably dangerous condition that arose from the negligent installation, inspection, or maintenance of the electrical panel/switchboard at the Amazon Facility, a condition which he could not have reasonably been expected to discover because it was not open and obvious to him.

7.4     Plaintiff further alleges that Amazon Defendants, Defendant Seefried, and/or Defendant Yates knew or reasonably should have known about the concealed, unreasonably dangerous condition after reasonable inspection because, as a matter of routine, Amazon Defendants, Defendant Seefried, and/or Defendant Yates should have known of or discovered the dangerous condition and (1) taken corrective action in a timely manner or (2) provided proper warnings to Plaintiff. Unfortunately, Amazon Defendants, Defendant Seefried, and/or Defendant Yates, by and through their respective vice-principals, employees, agents, servants, and representatives, failed to do so and, therefore, wholly breached their duties owed to Plaintiff as an invitee.

7.5     Plaintiff sustained severe personal injuries and damages as a direct and proximate cause of these breached duties and, therefore, seeks to recover all damages within the jurisdictional limits of this Court.

## VIII.   DAMAGES

8.1     As a direct and proximate result of the negligence of Defendants, Plaintiff suffered severe injuries to his face, arms, and legs and experienced extreme physical pain and suffering, mental anguish, physical incapacity, and, in all probability, will be forced to endure permanent disfigurement, hearing loss, and mental anguish for the remainder of his life. Plaintiff has further been forced to undergo extensive skin graft surgery and other various types of treatment as a direct and proximate cause of Defendants' negligent conduct and resulting injuries.

8.2     All damages sought by Plaintiff include damages sustained in the past and that, in reasonable probability, will be sustained in the future.  Plaintiff thus seeks to recover all damages within the jurisdictional limits of this Court, together with all pre- and post-judgment interest as allowed by law, costs of Court, and for all such other and further relief to which Plaintiff may be justly entitled by law and equity as supported by evidence, including, but not limited to:

a. all necessary medical care expenses in the past;

b. all necessary medical care expenses and assistance that, in reasonable probability, Plaintiff will sustain in the future;

c. physical pain and suffering in the past;

d. physical pain and suffering that, in reasonable probability, he will sustain in the future;

e. mental anguish in the past;

f. mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

g. physical impairment in the past;

h. physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

i. disfigurement in the past;

    j. disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k. lost earnings in the past;

    l. loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    m. any and all necessary, long-term care and assistance in the future; and

    n. Any other damages available under statutory or common law.

8.3    In accordance with Federal Rule of Civil Procedure 8, Plaintiff demands monetary relief over $200,000,000.00.

## IX.    NOTICE OF SELF-AUTHENTICATING DOCUMENT PRODUCTION

9.1    Plaintiff hereby puts Defendants on notice that he intends to use all documents produced by Defendants in written discovery as evidence at trial in light of Defendants' obligation to "produce documents as they are kept in the usual course of business" under Federal Rule of Civil Procedure 34(b). Defendants' compliance with such obligation may thus effectively waive any authenticity objection Defendants may have that they are not what Defendants purported them to be when produced. *See, e.g., Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, No. CV H-15-100, 2016 WL 6704163, at *3 (S.D. Tex. Nov. 15, 2016).

## X.    NOTICE OF CLAIMS

10.1    As discovery is still in its infancy, Plaintiff hereby puts Defendants on notice that he intends to amend and assert a gross negligence claim against (and seek punitive/exemplary damages from) some or all Defendants should further discovery and evidence support such arises out of the acts and/or omissions of Defendants as alleged herein. FED. R. CIV. P. 15.

## XI. JURY DEMAND

11.1 Plaintiff requests that the extent of damages sought be determined by a jury rendering a fair and impartial judgment. Therefore, Plaintiff demands a trial by jury and has already previously tendered the appropriate fee with his *Original Petition*. Plaintiff specifically objects to a "zoom" jury trial.

## XII. PRAYER

12.1 **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein as the law directs and that, upon final hearing, Plaintiff have and recover judgment of and from Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial, together with interest thereon at the highest legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE PINKERTON LAW FIRM, PLLC**

*/s/ Christopher C. Pinkerton*
Christopher C. Pinkerton
*Attorney-in-Charge*
Texas Bar No. 24047199
cpinkerton@chadpinkerton.com
**Jose R. De Leon**
Texas Bar No. 24126073
jdeleon@chadpinkerton.com
**Samuel D. Kinne**
Texas Bar No. 24126309
skinne@chadpinkerton.com
550 Westcott St, Suite 590
Houston, Texas 77006
713-360-6722 (office)
713-360-6810 (facsimile)
www.chadpinkerton.com

**-AND-**

**THE MANGINELLO LAW FIRM**

/s/ *RALPH P. MANGINELLO*
Ralph P. Manginello
Texas Bar No. 24007597
Ralph@atty911.com
1177 W. Loop South, Suite 1600
Houston, Texas 77027
713-528-9070 (office)
713-529-4998 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on July 12, 2023, via the following.

***Via E-Service**: John.Bridger@wilsonelser.com; & Bryan.Puente@wilsonelser.com*
John Bridger
Bryan Puente
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010
Phone: (713) 353-2000
Fax: (713) 785-7780
*Attorneys for Defendant Amazon.com Services, LLC and*
*Amazon Logistics, Inc.*

***Via E-Service**: blevinso@travelers.com; & eservsana@travelers.com*
Brett W. Levinson
DEAS & ASSOCIATES
9601 McAllister Freeway, Suite 713
San Antonio, Texas 78216
Phone: (512) 415-3902
Fax: (855) 848-0737
*Attorneys for Defendant Rogers Electrical Service Corporation*

***Via E-Service**: schiscano@gcaklaw.com; nabou-hossa@gcaklaw.com; jbarton@stantonbarton.com; & djones@stantonbarton.com*
Steve A. Chiscano
Nadeen Abou-Hossa
GONZALEZ CHISCANO ANGULO & KASSON, PC
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Telephone: (210) 569-8500
Facsimile: (210) 569-8490

Jonathan Barton, (*pro hac vice pending*)
Demi Jones, (*pro hac vice pending*)
STANTON | BARTON, LLC
8000 Maryland Avenue, Suite 450
St. Louis, Missouri 63105
Phone: (314) 455-6501
Fax: (614) 441-4471
*Attorneys for Defendant Eaton Corporation*

/s/ *Christopher C. Pinkerton*
Christopher C. Pinkerton