IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OMAR ORDONEZ, | § § | |
| *Plaintiff,* | § § | SA-22-CV-01263-OLG |
| vs. | § § § | |
| AMAZON.COM SERVICES, AMAZON LOGISTICS, INC., ROGERS ELECTRICAL SERVICE CORPORATION, EATON CORPORATION, SEEFRIED DEVELOPMENT MANAGEMENT, INC., W.G. YATES & SONS CONSTRUCTION CO., | § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is the Joint Motion to Compel Entry Upon Land [#25], filed by Plaintiff Omar Ordonez and Defendants Rogers Electrical Service Corporation, W.G. Yates & Sons Construction, and Seefried Development Management, Inc. By their motion, the parties request an order compelling Defendants Amazon.com Services, LLC, and Amazon Logistics, Inc. ("the Amazon Defendants"), to permit all parties and/or their representatives to enter the property located at 6806 Cal Turner Drive, San Antonio, Texas, 78220, to inspect, photograph, and assess the site of the subject accident in which Plaintiff was allegedly injured. Plaintiff was allegedly injured by an electrical explosion and seeks to analyze the structural and environmental elements of the injury site as part of discovery into the accident at issue. The Amazon Defendants have not filed a response in opposition to the motion, and the time to do so under this Court's Local Rules has expired. *See* W.D. Tex. Loc. R. CV-7(d).

Federal Rule of Civil Procedure 34(a)(2) allows entry upon land controlled by a responding party as a means of discovery so long as it is within the scope of Rule 26(b). Under Rule 26(b), parties may obtain discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Although the requested inspection may indeed be relevant and proportional discovery under Rule 26, the moving parties have not established that they complied with the requirements of Rule 34 prior to filing their motion to compel. Due to the motion's procedural defects, the Court will not grant the motion as unopposed, even though there is no response in opposition on file.

Rule 34 requires a party seeking a physical inspection to serve a formal request to permit the inspection, which describes "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(a), (b)(1). A party may serve a request for inspection by electronic means if the person being served "consented [to electronic service] in writing." Fed. R. Civ. P. 5(b)(2)(E). Consent for service by electronic means not only must be in writing, but it also "must be express and cannot be implied from conduct." *Angela Ganter, LLC v. Dufur*, No. 1:20-CV-231-H, 2021 WL 2698439, at *2 (N.D. Tex. Mar. 19, 2021). A party served with a formal request for inspection has 30 days to respond in writing. Fed. R. Civ. P. 34(b)(2)(A).

Although the moving parties state in their motion that they requested the inspection take place no later than May 1, 2024, they have not established that they ever served a formal request for inspection in compliance with Rule 34 prior to filing their motion. The parties' motion to compel attaches two exhibits of e-mail correspondence with the Amazon Defendants regarding the requested inspection. (Ex. A [#25-1], Ex. B [#25-2].) The correspondence does not address or reference a formal request for inspection or reflect the express consent of the Amazon Defendants to service by electronic means. The communications merely reflect that the parties

had been discussing an agreed inspection, but the inspection was canceled and has not been rescheduled.

Moreover, the proposed order presented with the parties' motion is exceedingly general regarding the items to be inspected. The order states that the Amazon Defendants shall permit the inspection at the address of 6806 Cal Turner Drive, which is the address of the Amazon Fulfillment Center where the injury allegedly took place. The proposed order does not specify the areas to be inspected.

On the record before the Court, the Court finds that the moving parties have not established compliance with the procedural requirements of Rule 34. Accordingly, they are not entitled to an order compelling an inspection based on any failure to cooperate in discovery. The Court will therefore deny the motion without prejudice to the parties filing an amended motion demonstrating all the requirements of Rule 34 have been satisfied and describing with particularity the areas to be inspected. The Amazon Defendants are reminded that if an amended motion is filed, and the Amazon Defendants do not file a timely response, the Court may grant the motion as unopposed and enter the moving parties' proposed order. *See* W.D. Tex. Loc. R. CV-7(d).

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Compel Entry Upon Land [#25] is **DENIED WITHOUT PREJUDICE**.

SIGNED this 3rd day of May, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE